UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-07587-SVW-JC | Date | February 3, 2026 |
| Title | *Jorge Humberto Acevedo Pena v. General Motors LLC et al* | | |

# JS-6

| | |
|---|---|
| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |

| | |
|---|---|
| Daniel Tamayo | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**      ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [15]

## I.      Introduction

Before the Court is a motion to remand, filed by Plaintiff Jorge Humberto Acevedo Pena ("Pena"), on September 5, 2025. Motion to Remand ("Mot."), ECF No. 15. For the following reasons, Plaintiff's motion is GRANTED.

## II.      Background

According to the complaint, Pena purchased a 2022 Chevrolet Silverado, VIN 3GCPDBEK0NG514927 (the "Subject Vehicle"), on or around June 20, 2022. Complaint ("Compl."), ECF No. 1-1 ¶¶ 6, 9. The Subject Vehicle came with express written warranties, whereby Defendant General Motors LLC ("GM") agreed to maintain utility of the vehicle or provide compensation for defects within the applicable warranty period. Id. ¶ 11. The Subject Vehicle *did* then manifest defects covered by the warranty during the warranty period, including defects in the vehicle's engine, transmission, and "infotainment". Id. ¶ 12. Plaintiff delivered the Subject Vehicle to Defendant for repair, but Defendant failed to repair the vehicle, replace the vehicle, or provide restitution to Plaintiff. Id. ¶¶ 13-15.

|  | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-07587-SVW-JC | Date | February 3, 2026 |
|---|---|---|---|

| Title | *Jorge Humberto Acevedo Pena v. General Motors LLC et al* |
|---|---|

# <u>JS-6</u>

As a result, on March 24, 2025, Plaintiff filed suit in Superior Court of California, County of Los Angeles, alleging violations of the Song-Beverly Act, Cal. Civ. Code §§ 1793.2(d), 1793.2(b), 1793.2(a)(3), 1791.1, and 1794; and a violation of the federal Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C §§ 2301-2312. Compl. ¶¶ 8-44. Plaintiff sought "actual damages," "restitution," "civil penalty in the amount of two times Plaintiff's actual damages," "consequential and incidental damages," "remedies authorized by California Commercial Code sections 2711, 2712, and/or 2713, "costs and expenses," "reasonable attorneys' fees," "prejudgment interest," and "equitable or legal relief." Compl. ¶¶ 17, 24, 28, 44(a)-(h).

Defendant GM removed this case to federal court on August 14, 2025, on the basis of diversity jurisdiction. Notice of Removal ("Rem."), ECF No. 1. Plaintiff responded on September 5, 2025, with the instant motion to remand. Mot. Defendant filed an opposition on October 27, 2025, and Plaintiff replied on November 3, 2025. ECF Nos. 22, 23.

### III.   Legal Standard

"'Federal courts are courts of limited jurisdiction.'" *Nieratko v. Ford Motor Co.*, 2021 WL 4438397, at *1 (S.D. Cal.) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)). Accordingly, federal courts may hear cases only as authorized by the Constitution and by statute. *Id.* Unless otherwise limited, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

To invoke a district court's diversity jurisdiction, a party must demonstrate that there is both complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *Nieratko*, 2021 WL 4438397, at *2; 28 U.S.C. §

:

Initials of Preparer   DTA

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-07587-SVW-JC | Date | February 3, 2026 |
|---|---|---|---|

| Title | *Jorge Humberto Acevedo Pena v. General Motors LLC et al* |
|---|---|

# JS-6

1332(a)–(a)(1). Moreover, the MMWA provides an independent basis for federal jurisdiction unless "the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. §§ 2310(d)(1)(B), 2310(d)(3)(B); *See also Shoner v. Carrier Corp.*, 30 F.4th 1144, 1147 (9th Cir. 2022) ("Although the MMWA is a federal statute, federal courts do not have jurisdiction over an MMWA claim if the amount in controversy is less than $50,000").

Importantly, "'the burden of establishing federal jurisdiction is on the party invoking federal jurisdiction.'" *Nieratko* 2021 WL 4438397, at *2 (quoting *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008)). There is a strong presumption against removal jurisdiction. *Gaus v. Miles*, 980 F.2d 564 (9th Cir. 1992) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also Gonzalez v. FCA US, LLC*, 2020 WL 1444941, at *1 (C.D. Cal.). The removing defendant bears the burden of establishing original jurisdiction. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002).

## IV.    Discussion

Defendant GM removed this case based on diversity jurisdiction. Diversity jurisdiction requires two elements: (1) complete diversity of citizenship between the parties; and (2) that the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. *Nieratko*, 2021 WL 4438397, at *2; 28 U.S.C. § 1332(a)-(a)(1). However, Plaintiff has also brought a claim under the federal MMWA. Federal question jurisdiction will be proper in this Court over the MMWA claim if Plaintiff can establish that the amount in controversy is at least $50,000. The Court will then be able to exercise supplemental jurisdiction over the remaining claims under the California Song-Beverly Act, which arise out of the same common nucleus of operative fact—the breach of warranty of the allegedly defective Subject Vehicle. *See* 28 U.S.C. § 1367. Therefore, for all intents and purposes, Defendant's removal would be substantively proper if Defendant can establish an amount in controversy of $50,000. Here, Defendant is not able to meet that burden.

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | DTA |  |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-07587-SVW-JC | Date | February 3, 2026 |
|---|---|---|---|

| Title | *Jorge Humberto Acevedo Pena v. General Motors LLC et al* |
|---|---|

# **JS-6**

### A.  Amount in Controversy

Defendant contends that the amount in controversy is satisfied by a combination of actual damages, civil penalties, and attorneys' fees. The Court addresses all three below. It may be noted that "since the Magnuson-Moss Act does not specify the appropriate measure and type of damages that are available, 'courts, including the Ninth Circuit, have turned to the applicable state law to determine which remedies are available under the Act, which of necessity informs the potential amount in controversy.'" *Lopez v. Kia Am., Inc.*, 693 F. Supp. 3d 1063, 1067–68 (C.D. Cal. 2023) (internal citations omitted). Moreover, as stated above, the amount in controversy for MMWA claims is computed on the basis of all claims to be determined in the suit. The Court may therefore conduct a unified analysis, because the calculation of damages sought under the underlying, Song-Beverly claim, pursuant to California state law, may be similarly applied to establish the amount in controversy for the MMWA claim.

### i.     Actual Damages

Actual damages under the Song-Beverly Act are "equal to the actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)-(C). This reduction, often called the "mileage offset" is based on miles driven before the first attempted repair of the defect. The formula to calculate the mileage offset is as follows:

$$\frac{\text{\# of Miles Drive Between Purchase \& First Repair Attempt}}{120{,}000 \text{ Miles}} = \text{ Use Offset Multiplier}$$

$$\begin{array}{c} \text{Purchase Price} \\ \text{x } \underline{\text{Use Offset Multiplier}} = \\ \text{Use Offset Deduction} \end{array} \quad \rightarrow \quad \begin{array}{c} \text{Purchase Price} \\ \text{- } \underline{\text{Use Offset Deduction}} = \\ \text{Restitution} \end{array}$$

*Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 898 (S.D. Cal. 2021) (citing *Wickstrum v. FCA USA LLC*, 2021 WL 532257, at *1-2 n.2 (S.D. Cal.). When calculating actual damages for the purpose of determining the amount in controversy, the Court must include the statutory offset. *See D'Amico v. Ford*

:

| | | |
|---|---|---|
| Initials of Preparer | DTA | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-07587-SVW-JC | Date | February 3, 2026 |
|---|---|---|---|

| Title | *Jorge Humberto Acevedo Pena v. General Motors LLC et al* |
|---|---|

# **JS-6**

*Motor Co.,* 2020 WL 2614610, at *2-3 (C.D. Cal.) (collecting cases); *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 n.3 (9th Cir. 2018).

Actual damages available in Song-Beverly cases should be reduced by additional statutorily provided offsets, including (1) the amount "paid or payable for optional equipment, service contracts, or GAP financing purchased by the plaintiff ... from third parties, except for optional purchases for dealer-supplied equipment or services;" (2) "negative equity incorporated in the transaction from prior vehicles;" (3) "[n]oncash credits provided by the manufacturer as a form of down-payment assistance, typically referred to as a manufacturer's rebate;" and (4) "unpaid interest or unpaid financing costs associated with the retail installment sales contract that will not be owed or paid by the consumer when the lien is paid off." *Perez v. Gen. Motors LLC*, 2025 WL 3171905, at *2 (C.D. Cal.); Cal. Civ. Code § 871.27(b)–(d), (f); *see also id.* § 871.20 (indicating that § 871.27 applies to Song-Beverly claims).

Here, the Court has reviewed the Retail Installment Sale Contract (the "RISC") for the Subject Vehicle, which was provided to the Court by Defendant. ECF No. 27-2. The RISC reveals that the Subject Vehicle was purchased according to a financing agreement, whereby Plaintiff made an initial downpayment of $1,000 and was thereafter required to pay an additional $789.84, monthly, for 75 months, beginning August 4, 2022, until Plaintiff had paid a total of $60,238.00. Id.

As this Court addressed in a prior order in *Armando Escamilla Bastida v. Ford Motor Company et al.*, 5:25-cv-00751-SVW (June 6, 2025) (the "Bastida Order"), there is some ambiguity as to restitution plausibly sought in this type of case when the amount "payable" differs from the amount "paid." As in *Armando*, the Court finds that the proper estimate of restitution in this circumstance should be payments actually made by Plaintiff. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002) (holding that limiting a Song-Beverly plaintiff's recovery to payments actually made is consistent with the logic and purpose of the Act, consistent with the general principal of restitution, and consistent

|  | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-07587-SVW-JC | Date | February 3, 2026 |
| Title | *Jorge Humberto Acevedo Pena v. General Motors LLC et al* | | |

# **JS-6**

with comparable laws of other states). Accordingly, the Court calculates Plaintiff's actual, restitutionary damages to be $29,437.84,[1] before offsets are applied.

Defendant has also submitted evidence that the first relevant repair attempt occurred when the Subject Vehicle's mileage was measured at 9,501. ECF No. 27-1 ¶ 2; ECF No. 27-3. This represents 9,493 miles driven on top of the 8 miles already on the odometer at the time of the purchase. ECF No. 27-2. Applying the appropriate formula, the Court calculates the proper mileage deduction to be $2,328.78.[2] Applying the deduction, the Court finds the adjusted restitutionary damages to be $27,109.06. Defendant has also identified additional offsets for financing charges and deductible third party contracts, totaling $2,595. ECF No. 27 at 3; ECF No. 27-2. Applying those additional deductions, the Court finds the total restitutionary damages to be $24,514.06. There is no evidence to indicate that any additional offsets or considerations should apply.

---

[1] This total is the sum of $1,000 (the original downpayment) and $28,437.84 (the product of the $789.84 monthly payment and the 36 total payments between August 2022, and the most recent payment established by Defendant to have occurred on July 10, 2025). *See* ECF No. 27-5. The Court notes Defendant's argument that the amount in controversy for the purposes of establishing removal jurisdiction should not be limited to actual payments made. ECF No. 27 at 1. To make this argument, Defendant distinguishes this type of installment sales contract from a lease agreement—contending that success on the merits in a purchase scenario entitles a plaintiff not only to restitution from the seller but also to repayment of the remaining loan balance to the lienholder of the vehicle. Id. at 2. However, this is not a situation where an external creditor paid for the Subject Vehicle in full and contracted with Plaintiff for repayment. Here, the entirety of the sale was effectuated through direct agreement between Plaintiff and the seller of the Subject Vehicle, requiring payment in monthly installments. ECF No. 27-2. Functionally, this is not different from a lease agreement. The Court rejects the argument that it should be treated differently.

[2] The total is the product of the use offset multiplier, which is .079108 (the quotient of the 9,493 miles driven before the first relevant repair and the 120,000 base anticipated by the statute) and the actual restitutionary damages before the offset, previously calculated to be $29,437.84.

| | : | |
|---|---|---|
| Initials of Preparer | DTA | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-07587-SVW-JC | Date | February 3, 2026 |
|---|---|---|---|
| Title | *Jorge Humberto Acevedo Pena v. General Motors LLC et al* | | |

# **JS-6**

    ii.    <u>Civil Penalties</u>

Damages under the Song-Beverly Act also may include a civil penalty of up to twice the amount of actual damages. Cal. Civ. Code §§ 1794(c), 1794(e). However, these civil penalties are available only when either: (1) the defendant's violation was willful, or (2) the violation related to a new vehicle, as per Cal Civ. Code § 1793.2(d)(2), and the manufacturer or representative defendant failed to maintain a qualified third-party dispute resolution process. Cal Civ. Code §§ 1794(c), 1794(e). Here, there is no indication that Defendant failed to maintain a qualified third-party dispute resolution process, so the analysis of whether civil penalties may be included in determining the amount in controversy turns on whether Plaintiff has sufficiently alleged that Defendant's violation was willful.

In these cases, when a plaintiff's allegations of willful infringement are conclusory, district courts are split on whether civil penalties may be considered when determining the amount in controversy. *See Ferguson v. KIA Motors Am. Inc.*, 2021 WL 1997550, at *3 (E.D. Cal.) (collecting and comparing cases in Southern and Central Districts of California and stating "[d]istrict courts in the Ninth Circuit are split on whether to include Song-Beverly Act civil penalties in calculations to assess the amount in controversy").

To be sure, some courts have found civil damages to be properly included, even upon conclusory allegations. *See Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) ("there is good reason to include the Song-Beverly Act's civil penalty of up to two times the amount of actual damages in the amount in controversy")*; see also Luna v. BMW of N. Am., LLC*, 2018 WL 2328365, at *4 (S.D. Cal.) (including the maximum civil penalty in the amount in controversy); *see also Lee v. FCA US, LLC*, 2016 WL 11516754, at *2 (C.D. Cal.) (same).

However, other courts—likening civil penalties to comparable punitive damages—have been reluctant to include them in the amount in controversy calculation without additional evidence. *See Ronquillo v. BMW of N. Am., LLC, No.*, 2020 WL 6741317, at *3-4 (S.D. Cal.) (holding that defendant

                                                                                 :

| Initials of Preparer | DTA |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-07587-SVW-JC | Date | February 3, 2026 |
|---|---|---|---|

| Title | *Jorge Humberto Acevedo Pena v. General Motors LLC et al* |
|---|---|

# <u>JS-6</u>

had failed to establish that the amount in controversy should include a civil penalty when the complaint's request for a civil penalty was conclusory and defendant did not point to specific allegations justifying the appropriateness of civil penalties or analogizing to cases where such penalties were awarded); *see also Khachatryan v. BMW of N. Am., LLC*, 2021 WL 927266, at *3 (C.D. Cal.) (finding "the defendant must make some effort to justify the assumption [that civil damages be included in the amount in controversy] by, for example, pointing to allegations in the Complaint suggesting award of a civil penalty would be appropriate, and providing evidence—such as verdicts or judgments from similar cases—regarding the likely amount of the penalty" and citing *Zawaideh v. BMW of North America*, 2018 WL 1805103, at *2 (S.D. Cal.)); *see also Savall v. FCA US LLC*, 2021 WL 1661051, at *3 (S.D. Cal.) (finding defendant had not met its burden to establish maximum available civil penalties should be added to the amount in controversy where the complaint alleged the violation was willful because defendant, with knowledge of its inability to repair the vehicle, failed to provide redress to plaintiff, and opining, "[i]f such boilerplate allegations were sufficient to defeat remand, then virtually any Song-Beverley action involving a new vehicle purchase would remain in federal court").

As was already clarified in the Bastida Order, this Court finds the latter approach more persuasive. Defendant bears the burden of establishing removal jurisdiction by a preponderance of the evidence. *Garrett v. Mercedez-Benz USA, LLC*, 2023 WL 2813564 (C.D. Cal.) (citing *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018)). Gesturing to a bare request by Plaintiff for civil penalties, with only a conclusory allegation of willfulness, absent facts making willfulness plausible—falls short of that standard. Furthermore, allowing such minimal allegations to support removal would run counter to the strong presumption that must exist *against* removal jurisdiction.

Here, Pena's request for civil penalties is supported by only a conclusory allegation of willfulness. Compl. ¶ 17 ("Defendant's failure to comply with its obligations under Civil Code section 1793.2(d) was willful, in that Defendant and its representatives knew of their legal obligations and intentionally declined to follow them. Accordingly, Plaintiff is entitled to a civil penalty of up to two times Plaintiff's actual

:

| Initials of Preparer | DTA |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-07587-SVW-JC | Date | February 3, 2026 |
|---|---|---|---|

| Title | *Jorge Humberto Acevedo Pena v. General Motors LLC et al* |
|---|---|

# JS-6

damages, pursuant to Civil Code section 1794(c)"); *see also* Compl. ¶¶ 24, 28 (functionally alleging same). Defendant has offered evidence that Plaintiff presented the Subject Vehicle for repair six times and argues that this indication of willfulness is enough to establish that civil penalties are at stake. ECF No. 27; ECF No. 27-1 ¶ 3; ECF No. 27-3. The Court disagrees. First, no repair order offered by Defendant indicates that Plaintiff presented the Subject Vehicle for repair with a defect that the repair facility reported it could duplicate but not repair—nor did any repair order submitted contain other facts that would tend to indicate willfulness. *See* ECF No. 27-3. Moreover, Defendant has provided no additional evidence to the Court to establish that a definite, non-speculative amount of civil penalties would be appropriate in this case. Therefore, the Court does not consider Song-Beverly Act civil penalties when calculating the amount in controversy.

### iii.    Attorneys' Fees

Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998); *Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018). Under the Song-Beverly Act, in particular, "if the buyer establishes a violation under Cal. Civ. Code §§ 1763.2(d)(2) or 1764, he "shall" recover reasonable attorneys' fees. Cal. Civ. Code §§ 1764(d)-(e)(1). Accordingly, attorneys' fees may be included in the calculation of the amount-in-controversy under Song-Beverly claims. Likewise, MMWA claims brought alongside Song-Beverly claims benefit from the same inclusion when calculating amount in controversy. *Shoner v. Carrier Corp.*, 30 F.4th 1144, 1148 (9th Cir. 2022); *see also Lazorosas*, 2025 WL 40483, at *2 ("The Song-Beverly Act permits a successful plaintiff to recover reasonable attorneys' fees, so attorneys' fees must be included when calculating the amount in controversy [under the MMWA]."); *see also Perkins v. Mercedes-Benz USA, LLC*, No. 22-cv-03540-CRB, 2022 WL 9529451, at *6 (N.D. Cal. Oct. 14, 2022) (including attorney's fees in MMWA amount-in-controversy calculation based on underlying Song-Beverly Act claims).

:

| | |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-07587-SVW-JC | Date | February 3, 2026 |
|---|---|---|---|

| Title | *Jorge Humberto Acevedo Pena v. General Motors LLC et al* |
|---|---|

# JS-6

Here, there is no compelling evidence submitted by either party to support a definite calculation of reasonable attorneys' fees at the time of removal. Defendant argues that attorneys' fees may be reasonably estimated to be at least $15,000. ECF No. 27 at 6. Considering that the actual damages in controversy total $24,514.06, the amount in controversy requirement for jurisdiction under the MMWA would still not be satisfied, even including $15,000 in forecasted fees. The Court therefore needs not reach a finding as to whether Defendant's proposed estimation is reasonable to find that Defendant has not met its burden of establishing that the Court has original jurisdiction over this action.

**V.      Conclusion**

For the foregoing reasons, Plaintiff's motion is GRANTED. Accordingly, this case is REMANDED to the California Superior Court, County of Los Angeles, for further proceedings.

**IT IS SO ORDERED.**

:

| Initials of Preparer | DTA |
|---|---|